UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CHARLES PELCHAT,<br><br>    Petitioner,<br><br>    v.<br><br>RICHARD B. IVES,<br><br>    Respondent. | No.  CV 14-2776-VAP (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

    Petitioner is currently incarcerated in a federal prison in this district pursuant to a 2000 conviction in the United States District Court for the District of Minnesota. On April 10, 2014, he filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, claiming that his conviction and sentence were unlawful. For the reasons explained below, the Petition is denied and the action is dismissed with prejudice.

    In April 2000, Petitioner pleaded guilty to conspiracy to distribute in excess of 100 kilograms of marijuana. *See United States v. Pelchat*, 40 Fed. Appx. 306, 306 (8th Cir. 2002). He was sentenced to 262 months in prison. *Id.* at 307. He then appealed to the Eighth Circuit Court of Appeals, challenging, among other things, the information alleging the existence of his prior convictions (the "851

Information") that was filed the day before he pleaded guilty. *Id.* The appeals court rejected this and other arguments and affirmed his conviction and sentence. *Id.* at 308.

Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 in the District of Minnesota, arguing that he was deprived of his constitutional right to effective assistance of counsel when his counsel failed to challenge the validity of the 851 Information or the quantity of marijuana attributed to him for sentencing purposes. *See United States v. Pelchat*, CV 03-6532-JMR (FLN), December 5, 2005 Report and Recommendation of United States Magistrate Judge, at *4-6.[1] The district court denied the motion. *See United States v. Pelchat*, CV 03-6532-JMR (FLN), January 27, 2006 Order Adopting Report and Recommendation and Denying § 2255 Motion. Petitioner did not appeal that decision.

On April 10, 2014, Petitioner filed the instant Petition in this court, pursuant to 28 U.S.C. § 2241, claiming: he was not served with the 851 Information before he entered his guilty plea; the 851 Information did not meet the requirements of the Speedy Trial Act; he should have been charged by indictment, not information; and his double jeopardy rights were violated when he was charged under the same statute twice. (Petition at 3-4 and attached page.)

The proper vehicle for challenging a federal conviction or sentence is a § 2255 motion in the district of conviction. *See Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)) (motions to contest

---

[1] The Court has lodged a copy of the December 5, 2005 Report and Recommendation as well as the January 27, 2006 Order Adopting the Report and Recommendation and takes judicial notice of both.

2

legality of sentence must be filed under § 2255 in the sentencing court). Though there is a narrow exception to this general rule, known as the "escape hatch" or "savings clause," which allows a prisoner to raise constitutional or statutory claims under § 2241 that he was unable to raise in a motion under § 2255, Petitioner has not shown that he falls within that exception. To meet the criteria of the escape hatch, a prisoner must make a claim of actual innocence and show that he has not had "an unobstructed procedural shot" at presenting his claim. *Harrison*, 519 F.3d at 959; *see also Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003). The burden is on the prisoner to establish that he is entitled to proceed under § 2241. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963); *Fisher v. Schultz*, 2005 WL 1554639, at *2 (E.D. Cal. June 24, 2005). Here, Petitioner has not claimed that he is actually innocent. Moreover, he had the opportunity to challenge his conviction and sentence on appeal and in a habeas petition under § 2255. In fact, as the record reveals, he raised these same claims in the District Court in Minnesota and Eighth Circuit Court of Appeals. He may not now relitigate these claims in this court.

Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the Court erred in its ruling and, therefore, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA[.]").

```
 1      For all these reasons, the Petition is denied and the action is
 2 dismissed with prejudice.
 3      IT IS SO ORDERED.
 4      DATED:  April 25        , 2014.
 5
 6                                    _____
 7                                    VIRGINIA A. PHILLIPS
                                      UNITED STATES DISTRICT JUDGE
 8 Presented by:
 9
10 _____
11 PATRICK J. WALSH
   UNITED STATES MAGISTRATE JUDGE
12
...
28 S:\PJW\Cases-Federal Habeas\PELCHAT, 2776\ProposedOrderDismiss.wpd
```